OPINION OF THE COURT
Jones, J.
Under the pertinent regulation promulgated by the city an application for audit and refund of New York City real property taxes determined on final order to be erroneous is deemed made when a certified copy of the final order is served on the proper fiscal officer, notwithstanding that necessary supporting receipted bills and canceled checks are not submitted until a later date.
An order was entered in Supreme Court, New York County, on September 22, 1975 embodying a stipulation of settlement between petitioner as property owner and the City of New York effecting a reduction in real property assessments for the years 1967 through 1973. On September 13, 1978 petitioner in applying for a refund of the excess taxes paid served a certified copy of that order on the city and thereafter on December 5, 1978 submitted copies of the relevant receipted tax bills accompanied by photocopies of the associated canceled checks. Acceptance of the receipted tax bills and canceled checks was refused as untimely, and petitioner’s application for audit and payment of the tax refund was denied as time-barred.
Thereupon petitioner instituted the present action to re *453 cover the taxes to which it was entitled under the order of September 22, 1975. Supreme Court granted the relief sought and directed refund of the taxes in question. The Appellate Division affirmed, and granted leave to the city to appeal to this court. In our turn we affirm the dispositions below.
Subdivision 3 of section 726 of the Real Property Tax Law, on which the city predicates its assertion of time bar, provides: “3. Application for the audit and payment of a tax or other levy paid upon an assessment determined upon final order to be illegal, erroneous or unequal must be made to the proper fiscal officer or body by the petitioner or other person paying such taxes within three years after the entry of such order; provided, however, that the time of the pendency of any appeal in any such proceeding or from any such order shall not be deemed any part of such three years.” The statute contains no definition or description as to what shall be required to constitute an “application for audit and payment”.
The City of New York, however, had promulgated the following pertinent regulation:
DEPARTMENT OF FINANCE RULES AND REGULATIONS FOR OBTAINING REFUND OF ERRONEOUS OR EXCESS PAYMENTS OF TAXES, ASSESSMENTS, WATER CHARGES AND SEWER RENTS
Certiorari Proceedings Or Settlements Correcting Assessed Valuations
Refunds of overpayments resulting from correction of assessed valuations by certiorari proceedings or tri-departmental settlements may be obtained only by filing formal application with the Bureau of City Collections in the borough where property is located.
The following steps are to be taken in applying for a refund or transfer:
I. Service:
(a) Serve the Comptroller with a certified and conformed copy of each Court Order if costs are involved.
(b) Serve the Treasurer of the City of New York with a certified copy of the Court Order if no costs are involved.
II. Submit to the Borough Office the following evidence:
(a) All original receipted bills, for tax periods for which such receipted bills were issued, covering payments of the taxes involved. Where receipted bills so issued are missing, photostatic copies of both sides of the checks used in payment thereof must be presented together with affidavit setting forth efforts made to locate bills.
*454 We agree with the city that in the absence of statutory prescription the city was empowered to provide by reasonable regulation what would be required to constitute the necessary application. This it undertook to do in the quoted regulation. Accordingly, it is not necessary for us to indulge in the logomachy to which we are invited over the word “application”.
We conclude, however, although the city mounts a unitary argument to the contrary, that the city’s regulation is reasonably to be interpreted as prescribing a two-step process: service on the appropriate fiscal officer of a certified copy of the court order on which the claim for tax refund is premised, and thereafter submission to another municipal unit of receipted tax bills or substitute photocopies of canceled checks with an accompanying explanatory affidavit. The service is the application for the tax refund; the submission, the proof of entitlement to the refund for which application has been made. Accordingly, we agree with the courts below that the application for refund in this case was made within the three-year period mandated by statute.
We do not say that, in the absence of clarifying statutory provision, the city by appropriate regulation could not have provided that an “application” would comprise both a certified copy of the court order and the receipted tax bills, or canceled checks. If it is so to provide, however, it must do so with abundant clarity so that the taxpayer seeking refund will be sufficiently alerted to the requirements on which the city will insist. The quoted regulation, applicable to this case, did not serve that purpose.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief tludge Cooke and Judges Jasen, Gabrielli, Waohtler, Fuchsberg and Meyer concur.
Order affirmed.